UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 JOHNSON, BAIME, and BURTON
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Chief Warrant Officer Four DANIEL J. ANTONSON
 United States Army, Appellant

 ARMY 20080620

 Headquarters, XVIII Airborne Corps and Fort Bragg
 Patrick J. Parrish, Military Judge (trial)
 Gary Brockington, Military Judge (DuBay hearing)
 Colonel Gary A. Loxley, Acting Staff Judge Advocate

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Matthew M.
Miller, JA; Major Brad Voorhees, JA; Captain Tiffany K. Dewell, JA (on
brief);
Colonel Mark Tellitocci, JA; Lieutenant Colonel Matthew M. Miller, JA;
Captain Shay Stanford, JA; Captain Sarah E. Wolf, JA (on supplemental
brief); Colonel Mark Tellitocci, JA; Lieutenant Colonel Matthew M. Miller,
JA; Captain Shay Stanford, JA; Captain Sarah E. Wolf, JA (on additional
pleading).

For Appellee: Colonel Norman F.J. Allen III, JA; Lieutenant Colonel Martha
L. Foss, JA; Major Lisa L. Gumbs, JA; Major Charles C. Choi, JA (on brief);
Colonel Norman F.J. Allen III, JA; Lieutenant Colonel Martha L. Foss, JA;
Major Lisa L. Gumbs, JA (on response to additional pleading).

 17 December 2010

 ---------------------------------
 SUMMARY DISPOSITION
 ---------------------------------

Per Curiam:

 A military judge sitting as a general court-martial convicted
appellant, pursuant to his pleas, of larceny, in violation of Article 121,
Uniform Code of Military Justice, 10 U.S.C. §921 [hereinafter UCMJ]. An
officer panel sentenced him to a dismissal. The convening authority
approved the adjudged sentence.

 On 12 November 2009, appellant filed a supplemental brief with this
court alleging the following assignment of error:

 WHETHER APPELLANT WAS DEPRIVED OF A FAIR TRIAL AND FULL AND FAIR
 CLEMENCY CONSIDERATION WHERE HIS COMMAND UNLAWFULLY INFLUENCED
 PROSPECTIVE DEFENSE WITNESSES.

 During our review of the case, we granted both appellant’s as well as
the government’s motions to attach multiple affidavits with respect to this
assignment of error. Appellant’s collective affidavits raised allegations
that appellant’s battalion executive officer, Major (MAJ) L had unlawfully
influenced prospective defense witnesses. Ultimately, having been unable
to resolve the matter under the principles of United States v. Ginn, 47
M.J. 236 (C.A.A.F. 1997), we returned the record of trial to The Judge
Advocate General to conduct a limited hearing pursuant to United States v.
DuBay, 17 U.S.C.M.A. 147, 37 C.M.R. 411 (1967). A full development of the
material facts was required to determine the veracity of appellant’s
allegations and what, if any, effect there was on his court-martial. See
United States v. Baldwin, 54 M.J. 308, 311 (C.A.A.F. 2001).

 During trial and on appeal, “[t]he defense has the initial burden of
producing sufficient evidence to raise unlawful command influence.” United
States v. Dugan, 58 M.J. 253, 258 (C.A.A.F. 2003) (quoting United States v.
Ayala, 43 M.J. 296, 299 (C.A.A.F. 1995). The threshold is low, “but more
than mere allegation or speculation.” United States v. Biagese, 50 M.J.
143, 150 (C.A.A.F. 1999). The quantum of evidence required to raise
unlawful command influence is “some evidence.” Id. “[O]nce an issue of
unlawful command influence has been raised, the Government must persuade
the military judge and the appellate courts beyond a reasonable doubt that
there was no unlawful command influence or that the unlawful command
influence did not affect the findings and sentence.” Id. at 151.

 Having reviewed the DuBay proceedings, we adopt the military judge’s
findings of fact and conclusions of law. We find beyond a reasonable doubt
that the evidenced gathered and developed at the DuBay hearing disproves
the predicate facts on which the allegations of unlawful command influence
are based, or, even if the predicate facts are true, they simply do not
constitute unlawful command influence. See United States v. Stoneman, 57
M.J. 35, 41 (C.A.A.F. 2002) (citing Biagese, 50 M.J. at 151). Furthermore,
we find beyond a reasonable doubt that none of MAJ L’s actions, statements,
or expressions affected the proceedings at trial or post-trial. Id.

 We have considered appellant’s other assignment of error as well as
those matters personally asserted by appellant pursuant to United States v.
Grostefon, 12 M.J. 431 (C.M.A. 1982), and find them to be without merit.
Accordingly, the findings of guilty and the sentence are AFFIRMED.

DATE: 17 December 2010

 FOR THE COURT:

JOANNE P. TETREAULT ELDRIDGE

Acting Clerk of Court